UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-80354-CIV-MIDDLEBROOKS/JOHNSON

STEVEN SAKOLSKY,
and MICHAEL ENKOFF,
on behalf of all others
similarly-situated.,

    Plaintiffs,

v.

RUBIN MEMORIAL CHAPEL,
LLC., a Florida corporation,
and JOSEPH RUBIN,
an individual,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Judgment on the Pleadings and Motion to Strike Defendants' Affirmative Defenses 2, 3 & 4 (DE 34), filed on August 20, 2007. Defendants filed a Response to Plaintiff's Motion (DE 51), and Plaintiff filed a reply (DE 52). I have reviewed the Motion and the file in this case and am fully advised in the premises.

**Background**

This is an action to recover alleged unpaid overtime wages under the Fair Labor Standards Act 29 U.S.C. §207 ("FLSA"). Plaintiffs Steve Sakolsky and Michael Enkoff worked for Defendants Rubin Memorial Chapel and Joseph Rubin as funeral directors. Neither Plaintiff received any overtime payment while they worked for Defendants. One of the issues in this case is whether or not Plaintiffs are exempt employees not entitled to overtime payment. Another issue is whether Plaintiffs were working overtime when they were "on-call" and took phonecalls after business hours.

In their Answer and Affirmative Defenses, Defendants' offer four affirmative defenses: (1) Pursuant to the Fair Labor Standards Act 29 USC Sec. 207, and the applicable Regulations, 29 CFR Part 541, Section 13(a)(1), Plaintiffs are not entitled to overtime pay under several fo the categories of exempt employees, to wit: executive, administrative and professional; (2) Plaintiffs are well aware of their status as exempt employees and are misusing the legal system and due process by attempting to extort monies from the Defendants through this filing; (3) Plaintiffs are guilty of illegal conduct related hereto which should void their right to bring this action; (4) The overtime Plaintiffs seek was voluntarily provided without employer requirement and additionally was created by Plaintiffs themselves.  *See* Ans. and Aff. Def. [DE 9].

In their Motion, Plaintiffs argue that under Federal Rule of Civil Procedure 12(c), they are entitled to judgment on the pleadings in their favor on Defendants' Second, Third, and Fourth Affirmative Defenses.  Plaintiffs also argue, in the alternative, that these three Affirmative Defenses should be stricken under Federal Rule of Civil Procedure 12(f).

**Motion for Judgment on the Pleadings**

As a general matter, a judgment on the pleadings is a decision on the merits, "appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Hawthorne v. MAC Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  In reviewing a judgment on the pleadings, a district court must "accept the facts in the complaint as true and ... view them in the light most favorable to the nonmoving party." *Id.*  Such a motion may not be granted "unless it appears beyond doubt that the [nonmoving party] can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations omitted); *see also Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Walco Investments, Inc. v. Thenen*, 881 F. Supp. 1576, 1580 (S.D. Fla. 1995) ("The standard of review for judgment on the pleadings is almost identical to the standard used to decide motions to dismiss.  Thus, ... the Court will grant them only if it beyond doubt that Plaintiffs can plead no facts that would support the claim for relief." (citations omitted)).  This standard is "fairly restrictive" as "the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law." *Bryan Ashley*

*Int'l Inc. v. Shelby Williams Indus., Inc.*, 932 F.Supp. 290, 291 (S.D. Fla. 1996) (citing *Vagenas v. Continental Gin Co.*, 789 F.Supp. 1137, 1138 (M.D.Ala.1992), *vacated on other grounds*, 988 F.2d 104 (11th Cir.1993); *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973)); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990). It is with this "fairly restrictive" standard in mind that the Court turns to the merits of this portion of Plaintiffs' Motion.

Because Plaintiffs have not satisfied their heavy burden of establishing that there are no material facts in dispute and that they are entitled to judgment as a matter of law on Defendants' affirmative defenses, I will deny Plaintiffs' Motion for Judgment on the Pleadings.

**Motion to Strike**

The Court has broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005). Federal Rule of Civil Procedure 12(f) states:

> Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Defendants filed their Answer and Affirmative Defenses on May 18, 2007 [DE 9]. Plaintiffs filed their Motion to Strike Defendants' Affirmative Defenses on August 20, 2007. Because the Federal Rules of Civil Procedure do not permit a responsive pleading to an Answer, Plaintiffs had only 20 days after being served with Defendants' Answer to file their Motion to Strike. Plaintiffs filed their Motion to Strike over three months after Defendants' filed their Answer. Therefore, Plaintiffs' Motion to Strike is untimely and I will deny it.

**Conclusion**

I am denying both Plaintiffs' Motion for Judgment on the Pleadings and Plaintiffs' Motion to Strike Defendants' Affirmative Defenses. I do not anticipate that Plaintiffs will

experience any prejudice as a result of Defendants being able to try their affirmative defenses. However, I note that Plaintiffs may make specific objections about these affirmative defenses whenever they see fit during the course of trial and I will make a ruling on their objections at that time.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Judgment on the Pleadings and Motion to Strike Defendants' Affirmative Defenses 2, 3 & 4 (DE 34) is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 25th day of October, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record